Choate, D. J.
Upon a hearing in this case on the certificate of the register of proceedings, under the petition by the *644 bankrupts for their discharge, one of the questions being whether one-third in amount of the creditors who have proved their debts had assented to the discharge, it appeared from the proofs of debt returned that interest on some of the claims had been improperly included to a date subsequent to the filing of the original petition, and in one proof on a judgment costs subsequently accrued had also been included. Por these reasons it was referred to the clerk to compute the proper amount of the proofs, excluding such interest and costs. And now the case has been heard on his report and on the register’s certificate. It appears by the report of the clerk that, excluding the claim of one Partridge, which is disputed, the creditors who assent are less than one-third in value of the creditors proving.
It is objected, on the part of the bankrupt, that on some of the claims proved no interest has been allowed, not even down to the date of the filing of the petition, and that the addition of» such interest might affect the result. But in those cases there is no interest claimed in their proofs of debt by the creditors, and, of course, their debts cannot be taken for the purpose of this computation to be any greater than stated in the proofs filed. The object of the reference was to exclude interest obviously not a part of the debt provable, and not to ascertain the amount of the bankrupts’ debts without regard.to the proofs made. The one-third required by the act is one-third of the debts proved. It is also objected that in the claim of Yerplanck, receiver, which is a claim on a judgment recovered since the commencement of these proceedings, upon a cause of action theretofore existing, interest on an account has been allowed from the date of the last item of the account, without any statement in the proofs of the date, or average date, when said account became due. The proof, as now stated by the clerk, includes only interest allowed in the judgment as due up to the commencement of the bankruptcy proceedings. That interest was claimed in the complaint, and has been found due. It seems not to be a case where, under General Order No.'34, the claimants’ deposition should *645 state when the account became due. The proof was on the judgment. Nor is the claim properly to be considered one based on an open account.
The suit was brought to recover damages for a fraud, the amount of the damages being, indeed, measured by the unpaid balance of an account. Objection is also made to another proof of debt on a judgment recovered by one Christie, and proved by Yerplanek, as assignee thereof, on the ground that the proof is not accompanied by the deposition of the assignor in its support. It appears by the transcript of the docket, annexed to and made part of the deposition of proof, that the judgment was recovered in October, 1876. These proceedings in bankruptcy were commenced August 31, 1878. This proof of debt was filed October 25,1878. It avers that the bankrupts were indebted to the claimant, at the commencement of these proceedings, as assignee of said judgment. No objection has been taken to the form oí the proof till this hearing. It is obviously now too late to urge the objection, if it were valid. And General Order No. 34 only requires such deposition of the assignor in case of an assignment after the filing of the petition in bankruptcy. The question of the bankrupt’s discharge, therefore, so far as this point of the assent of their creditors is concerned, turns on the allowance or disallowance of the claim of Partridge. His proof, of debt, sworn to on the nineteenth of April, 1879, was received by the register, but not filed or allowed because objections were made thereto by other creditors. And proceedings for the re-examination of the claim have gone on at the same time with the proceedings for the bankrupt’s discharge, and the register has, with the consent of all parties, certified the testimony in relation to this claim to the court, and both matters have been submitted together; it being conceded that if the claim of Partridge is sustained the bankrupt is to have the benefit of his assent to the discharge, which has been filed, and which, with the other assents, will-make up the requisite one-third in, value, and one-fourth in number.
*646 The proof of debt offered by Partridge states tha'1- the bankrupts, Lorenzo Yan Burén and Squire Yan Burén, are indebted to him in the sum of $15,000, being for a bond and mortgage given on property at Pish kill Landing, Dutchess county, New York. It states that “said bond and mortgage were executed and delivered to me on the eighteenth day of June, 1874;” “that the property upon which said mortgage was a lien has been sold under the foreclosure of a prior mortgage, and was sold for the exact amount of the first mortgage, interest and costs. ” It states that no security is held for the payment thereof. The deposition does not state the consideration of the bond, nor is any copy of bond or mortgage annexed to it. One of the objections taken to the claim is that the debt, if it did exist at all, is a secured debt, and that prior to the hearing before the register an order had been entered in the foreclosure suit, referred to in the proof, setting aside the sale and directing a resale.
Such an order was shown to have been entered May 15, 1879, after the date of the proof of debt. To meet this objection it was proved that in July, 1879, Partridge executed to the assignee in bankruptcy a release and surrender of the premises covered by the mortgage. It is insisted that the order of May 15th restored Partridge to the position of a secured creditor, ¡and the subsequent release could not relate back and make his proof for an unsecured claim, sworn to in April, valid. This objection seems to me to be extremely technical. If the creditor believed, when he swore to his proof in April, that his mortgage had been extinguished, and for that reason omitted at the time to make a surrender of the security, the court would, I think, on his subsequent surrender of his security, after he found that it had not been extinguished, permit him to file an amended proof, if necessary, to avoid so technical an objection, and to enable him to participate in the proceedings as an unsecured creditor, especially if, as is claimed in this case, his security was nominal only.
There are, however, other objections to this claim much more serious. Upon the hearing a copy of the alleged mort *647 gage of June 18, 1874, was produced; and it appears by that copy, as well as by the release above referred to, that, instead of being a mortgage to secure a bond of these bankrupts, it is a mortgage by the bankrupt Lorenzo Yan Burén alone to secure his individual bond. It does not purport to be, therefore, a joint or partnership debt, but the individual debt of Lorenzo Yan Burén. Moreover, no evidence whatever was offered to support the claim, except the deposition for proof of the debt itself, which is obviously untrue, and the recital of the giving of the bond contained in the mortgage. No proof of debt has been made or offered against Lorenzo Yan Burén. Partridge, the claimant, was not called as a witness. He was represented in these proceedings by the bankrupt’s attorney. Lorenzo Yan Burén was not called as a witness. Squire Yan Burén was examined. He professed to have no knowledge of this debt; and, from his testimony, I think a strong probability arises that Partridge has other mortgage security for the claim, if there be any valid claim, intended to be described in the proof of debt. On these grounds it must be held that Partridge’s proof of debt against the bankrupts must be rejected.
The other objections to the discharge may be briefly noticed. Those objections now insisted on are the failure to keep proper books and the making of false entries in their books with intent to defraud a creditor. The charge is that, having made a contract with one Christie for the manufacture and sale of brick on joint account, under which they would become indebted to him for one-half the proceeds of sales from time to time, they falsified their books by understating the receipts, and rendered false accounts to him, and,' when sued for an accounting under the contract, they, by means of their false books and by perjury in support of them, procured the judgment which was taken against them to be for a much less sum than the amount really due, leaving the difference still unpaid, for which fraud they were afterwards sued. And the judgments which constitute the claim of the objecting creditor, Yerplanek, who was receiver of the éstate of Christie, are *648 based on these transactions. The opposing creditor, however, has not offered evidence in this proceeding of the alleged false entries in the books. He has offered the judgment roll in said suit for fraud, which involves, as he claims, a conclusive determination of this fact of false entries. He has also offered secondary evidence of what was proved upon the trial in said action. To all this evidence the bankrupts have objected.
Christie first recovered a judgment after a trial on the merits, establishing the fraud, and on the trial evidence of the false entries in the books was given as part of the plaintiff’s proofs, although the complaint did not allege the false entries in the books, but false accounts rendered and other fraudulent practices. This judgment was, however, set aside and a new trial was ordered, and when the cause came on for trial again the bankrupts suffered default, and judgment was taken against them on their default. The first judgment having been set aside concludes nobody. It is clear, also, as matter of law, that, even if the complaint had alleged the false entries in the books, the judgment recovered by default would not be evidence of the truth-of the allegations in the complaint in another proceeding, on another cause of action, as thus proceeding for a discharge must be considered. “A judgment by default only admits for the purpose of the action the legality of the demand or claim in suit; it does not make the allegations of the declaration or complaint evidence in an action upon a different claim.” Cromwell v. County of Sac, 94 U. S. 356.
Still less is the judgment conclusive evidence collaterally of facts, of which evidence was offered in the course of the trial, in support of the allegations of the declaration or complaint. The secondary evidence of the entries in the books, as put in proof on the trial, was also clearly incompetent, and cannot be considered as any proof of the specification of false entries in the bankrupt’s books, or of his keeping improper books. The papers make it highly probable that these specifications, or one of them, could be proved, but the opposing creditors have chosen to rely on modes of proof which are *649 wholly inadmissible. The same rules of evidence obtain upon this proceeding as upon any other trial.
For the reason that the record shows that there are no assets, and does not show an assent by the requisite proportion of creditors who have proved their debts, the discharge is refused.